**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELISSA D. WILSON, | ) Case No. EDCV 15-0441-JPR |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER**<br>) **REVERSING COMMISSIONER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**I.  PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying her application for supplemental security income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed December 21, 2015, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is reversed and this matter is remanded for further proceedings.

1

## II. BACKGROUND

Plaintiff was born in 1971. (Administrative Record ("AR") 137.) She completed 11th grade and worked as a photocopy operator and overnight stocker. (AR 29, 178.)

On April 15, 2011, Plaintiff applied for SSI, alleging that she had been unable to work since February 20, 2004, because of bipolar disorder, depression, and anxiety disorder. (AR 78, 137-38, 177.) After her application was denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge. (AR 104.) A hearing was held on March 19, 2013, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. (AR 38-65.) In a written decision issued September 24, 2013, the ALJ found Plaintiff not disabled. (AR 20-31.) On January 13, 2015, the Appeals Council denied Plaintiff's request for review. (AR 1.) This action followed.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether

substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV.  THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

A.   The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. § 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, the claimant is not disabled and the claim

must be denied. § 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. § 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[1] to perform her past work; if so, she is not disabled and the claim must be denied. § 416.920(a)(4)(iv). The claimant has the burden of proving she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy. § 416.920(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. § 416.920(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

---

[1] RFC is what a claimant can do despite existing exertional and nonexertional limitations. § 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

B. <u>The ALJ's Application of the Five-Step Process</u>

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2011, the application date. (AR 22.) At step two, she concluded that Plaintiff had the severe impairments of bipolar disorder and anxiety disorder. (<u>Id.</u>) At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the impairments in the Listing. (AR 23.) At step four, she found that Plaintiff had the RFC to perform "a full range of work at all exertional levels" but with nonexertional restrictions. (AR 24.) Specifically, Plaintiff was limited to "simple work with one to two steps" and to "a work environment that does not require interaction with other workers and allows for no interaction with the general public." (AR 24-25.) In addition, she could not "maintain attention and concentration for extended periods, but only for a short time," and she required a "stable work environment with a stable work setting where the work tasks do not change day-to-day." (AR 25.) Based on the VE's testimony, the ALJ concluded that Plaintiff could not perform her past relevant work as a photocopy operator or overnight stocker. (AR 29.) At step five, the ALJ found that Plaintiff could perform three medium, unskilled jobs existing in significant numbers in the national economy: ground-maintenance worker, DOT 406.687-010, 1991 WL 673342; laundry worker, DOT 361.684-014, 1991 WL 672983; and vehicle cleaner, DOT 919.687-014, 1991 WL 687897. (<u>Id.</u>) Accordingly, she found Plaintiff not disabled. (AR 30.)

**V.   DISCUSSION**

<u>The ALJ Erred in Relying on the Vocational Expert's Testimony to Find that Plaintiff Could Perform Other Work</u>

Plaintiff challenges the ALJ's finding at step five that she could perform other work existing in significant numbers in the national economy. Specifically, she contends the ALJ erred in relying on the VE's testimony because the RFC's limitation to "simple work with one to two steps" was inconsistent with the Level-Two-reasoning jobs identified by the VE. (J. Stip. at 4-8, 11.)

A.   <u>Applicable law</u>

At step five of the five-step process, the Commissioner has the burden to demonstrate that the claimant can perform some work that exists in "significant numbers" in the national or regional economy, taking into account the claimant's RFC, age, education, and work experience. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1100 (9th Cir. 1999); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.960(c). The Commissioner may satisfy that burden either through the testimony of a VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. part 404, subpart P, appendix 2. <u>Tackett</u>, 180 F.3d at 1100-01; <u>see also</u> <u>Hill v. Astrue</u>, 698 F.3d 1153, 1161 (9th Cir. 2012). When a VE provides evidence about the requirements of a job, the ALJ has a responsibility to ask about "any possible conflict" between that evidence and the DOT. <u>See</u> SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000); <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (holding that application of SSR 00-4p is mandatory). When an "apparent conflict" exists between the VE's testimony and the

DOT, the ALJ is required to "reconcile the inconsistency." Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015). An ALJ's failure to ask the VE to explain any apparent conflict or to determine whether the VE's explanation is reasonable is procedural error, but the error is harmless if no actual conflict existed or the VE provided sufficient evidence to support the deviation. Massachi, 486 F.3d at 1154 n.19.

B. Relevant background

The ALJ presented to the VE a hypothetical person of Plaintiff's age, education, and work history with the following limitations:

> this individual would be limited to simple work with one to two steps.
>
> This individual would need a work environment that did not require interaction with other workers to accomplish the work. And would have no interactions with the general public. Also this individual would have limitations in some work functions.
>
> Like for example the individual would not be able to maintain attention and concentration for extended periods. And would need a job that could be accomplished in short, very short time period.
>
> The individual would need a stable work environment where the work setting and the work tasks did not change from day to day.

(AR 53.) The VE testified that such a person would not be able to perform Plaintiff's past relevant work but would be able to perform the following medium, unskilled jobs: ground-maintenance

worker, DOT 406.687-010, 1991 WL 673342; laundry worker, DOT 361.684-014, 1991 WL 672983; and vehicle cleaner, DOT 919.687-014, 1991 WL 687897. (Id.) The ALJ did not ask the VE if her testimony was consistent with the DOT. (See AR 53-64.) Plaintiff's counsel then cross-examined the VE, but he did not question her about any potential conflict with the DOT. (See AR 54-64.)

In her decision, the ALJ relied on the VE's testimony to find that Plaintiff could perform other work, noting that "[p]ursuant to SSR 00-4p," the VE's testimony was "consistent with" the DOT. (AR 30.)

C. Analysis

The DOT defines "six GED Reasoning Levels that range from Level One (simplest) to Level Six (most complex)." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (as amended). The lowest, Level One, is defined as follows:

> Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

DOT app. C - Components of the Definition Trailer, § III, 1991 WL 688702. Level Two, on the other hand, is defined as follows:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Id. According to the DOT, the three jobs identified by the VE require Level Two reasoning. See DOT 406.687-010, 1991 WL 673342

(ground-maintenance worker); DOT 361.684-014, 1991 WL 672983 (laundry worker); DOT 919.687-014, 1991 WL 687897 (vehicle cleaner).

Despite the ALJ's statement in her decision that the VE's testimony was consistent with the DOT (AR 30), an apparent conflict existed between Plaintiff's RFC limitation to "simple work with one to two steps" and the Level Two reasoning required in the jobs identified by the VE. See Rounds, 807 F.3d at 1003. The ALJ did not ask the VE to clarify or explain the inconsistency as required under SSR 00-4p. See 2000 WL 1898704, at *4; Massachi, 486 F.3d at 1152-54. Thus, the ALJ erred by failing to resolve the conflict and was not entitled to rely on the VE's testimony in finding that Plaintiff could perform other work. See Rounds, 807 F.3d at 1004; Tester v. Colvin, 624 F. App'x 485, 487-88 (9th Cir. 2015) (finding that ALJ erred by failing to resolve apparent conflict between RFC limitation of "simple, 1-2 step work" and Level-Two-reasoning jobs identified by VE and noting that case was "indistinguishable from Rounds").

Further, the ALJ's failure to resolve the conflict was not harmless. The ALJ gave "great" weight to the opinions of the consultative examining psychiatrist and one of Plaintiff's treating psychiatrists, who both assessed that Plaintiff could carry out detailed instructions.[2] (AR 28.) Dr. Ashraf Elmashat, the consultative examining psychiatrist, opined that Plaintiff could "understand, remember, and carry out simple one or two-step

---

[2] Plaintiff does not challenge the ALJ's assessment of the medical-opinion evidence. (See J. Stip. at 4.)

job instructions" and also "do detailed and complex instructions." (AR 289 (emphases omitted).) Likewise, Dr. Norma Aguilar, Plaintiff's treating psychiatrist, opined that Plaintiff could understand, remember, and carry out both detailed and "very short and simple" instructions. (AR 623.) Nevertheless, in her discussion of Dr. Elmashat's opinion, the ALJ noted that "based on the record as a whole," she assessed "slightly more restrictive" limitations in her RFC determination than those assessed by Dr. Elmashat. (AR 28.) Accordingly, she found that Plaintiff could do only "simple work with one to two steps" (AR 25), tracking the limitations assessed by the nonexamining state-agency physicians, who opined that Plaintiff's ability to "carry out detailed instructions" was moderately limited and her ability to "carry out very short and simple" instructions was not significantly limited (AR 73, 86). Thus, although some of the credited medical evidence indicated that Plaintiff could "carry out detailed but uninvolved . . . instructions" as required in Level Two reasoning, 1991 WL 688702, the ALJ expressly adopted a more restrictive RFC. Because the ALJ's failure to resolve this inconsistency was directly relevant to the issue of whether Plaintiff could perform other work in the national economy, the error was not harmless. See Rounds, 807 F.3d at 1004; see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ's error is harmless when "inconsequential to the ultimate nondisability determination"). Accordingly, Plaintiff is entitled to remand on this ground.

D. <u>Remand for Further Proceedings Is Appropriate</u>

When, as here, an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. <u>See</u> <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). When no useful purpose would be served by further administrative proceedings, however, or when the record has been fully developed, it is appropriate under the "credit-as-true" rule to direct an immediate award of benefits. <u>See</u> <u>id.</u> at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1019-20 (9th Cir. 2014).

Here, further administrative proceedings would serve the useful purpose of allowing the ALJ to address whether Petitioner's limitation to simple work with one to two steps is consistent with jobs requiring Level Two reasoning. Thus, the credit-as-true rule does not apply, and remand is appropriate. <u>See</u> <u>id.</u> at 1020 n.26 (credit-as-true rule requires that "there are no outstanding issues that must be resolved before a determination of disability can be made").

On remand, the ALJ must determine whether there is a reasonable basis for relying on the VE's testimony. Alternatively, the ALJ may ask the VE to identify other jobs that require Level One reasoning or that Plaintiff can perform. <u>See</u> <u>Rounds</u>, 807 F.3d at 1004 & n.5.

**VI. CONCLUSION**

Consistent with the foregoing, and under sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner, GRANTING Plaintiff's request for remand, and REMANDING this action for further proceedings consistent with this Memorandum Opinion. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: May 24, 2016

JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[3] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."